UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSE J. SAVAGE M.D., PH.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01285-TWP-TAB |
| | ) | |
| INDIANA UNIVERSITY HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I.      Introduction**

Plaintiff Jesse J. Savage, M.D., Ph.D., seeks to compel his former employer, Defendant

Indiana University Health, Inc., to produce all documents, communications, and information it

has withheld based on Indiana's Peer Review Act, Ind. Code § 34-30-15-1.  IU Health claims

large swaths of documents and information responsive to Savage's discovery requests are

protected from disclosure by the IPRA's peer review privilege.  However, Savage—as the health

care provider subject to the peer review investigation in question—is entitled to access his own

peer review records.  IU Health's novel interpretations of the IPRA do not persuade the Court

that Savage's discovery request is improper.  Accordingly, Savage's motion to compel [Filing No.

27] is granted.

**II.      Background**

Savage is a neurosurgeon who worked for Defendant from 2015 to 2024.  Savage filed

this action against IU Health on May 22, 2025, seeking damages and injunctive relief.  [Filing

No. 1-1, at ECF p. 4.]  Savage alleges IU Health tortiously interfered with his contractual and

employment relationships when it provided misleading, false, and damaging information about

Savage to licensing entities and prospective employers in response to privileging, credentialing, or licensing requests.  Savage contends that the origin of IU Health's allegedly misleading, false, and damaging information was a stale, uncorroborated, false complaint about Savage by an anonymous medical resident, which IU Health allegedly investigated through a peer review process.  Savage does not concede IU Health performed any kind of investigation of the complaint against him, much less engaged in a peer-review protected investigation.  [Filing No. 28, at ECF p. 2.]

Savage served extensive discovery requests, including the 41 requests at issue in this motion.  IU Health produced responsive, non-privileged documents.  However, IU Health also provided a privilege log identifying 298 documents withheld for various reasons, including, as relevant here, under the IPRA.  The documents for which IU Health invoked the peer review privilege included requests for IU Health's written policies that apply to all of IU Health's medical providers, communications with any entity from which it received privileging and credentialing requests for Savage, the identities of individuals answering interrogatories and witnesses with knowledge of the matter at issue in the pleadings, and the identities of individuals who responded to privileging and credentialing requests regarding Savage.  The parties engaged in meet-and-confer attempts but were unable to resolve the dispute, prompting Savage to file the underlying motion.[1]  [Filing No. 27.]

---

[1] Savage contacted the Court via email on February 4, 2026, to advise it of the parties' discovery dispute, as required by S.D. Ind. Local Rule 37-1.  Because the dispute involved questions of privilege and a large number of discovery requests, in lieu of setting a discovery conference, the Court authorized Savage to file a motion to compel.  [Filing No. 28-2.]

**III.    Discussion**

Courts have broad discretion over discovery.  Under Fed. R. Civ. P. 26(b)(1), a party may obtain through discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Nevertheless, while discovery is broad, it is not limitless.  Savage, as the party moving to compel, "carries the initial burden of establishing that the requested documents are relevant." *O'Gara v. Equifax Info. Sys.*, LLC, No. 1:16-cv-01237-TWP-MPB, 2018 WL 513535, at *2 (S.D. Ind. Jan. 23, 2018).  If that burden is met, then IU Health, as the party opposing the motion, must show the request is improper. *See Heartland Consumer Prods., LLC v. DineEquity, Inc.*, No. 1:17-cv-1035-SEB-TAB, 2018 WL 3574737, at *2 (S.D. Ind. July 25, 2018).

Savage argues he is entitled to his peer review records and seeks to compel IU Health to produce all documents, communications, and information it has withheld based on the IPRA. The parties agree that the IPRA applies because Savage's claims against IU Health arise solely from state law. *See* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.").  The IPRA provides that "[a]ll proceedings of a peer review committee are confidential [and] [a]ll communications to a peer review committee shall be privileged communications[.]" Ind. Code § 34-30-15-1(a), (b). IU Health maintains it has appropriately withheld documents reflecting internal peer review deliberations, committee communications, and evaluative materials as identified in its privilege log.  IU Health insists that the heart of Savage's claims concerns IU Health's communications with third-party hospitals and licensing entities, and these are the communications the IPRA specifically protects.  [Filing No. 29, at ECF p. 3.]

3

However, the peer review privilege articulated by the IPRA is not absolute.  The statute sets forth a myriad of exceptions, including that "[a] professional health care provider under investigation shall be permitted at any time to see any records accumulated by a peer review committee pertaining to the provider's personal practice."  Ind. Code § 34-30-15-4(a).  As noted above, Savage does not concede IU Health conducted a peer review proceeding or performed any kind of investigation of the claim against him.  However, even assuming IU Health did fact conduct such a proceeding, Savage argues the IPRA entitles him—as the health care provider under investigation—to "at any time" see any records accumulated by a peer review committee pertaining to his personal practice.  Ind. Code. § 34-30-15-4(a).  Thus, Savage argues that IU Health has no basis to refuse to produce responsive documents on these grounds.

Savage cites various caselaw from this circuit that align with his straightforward, plain reading of this statute.  *See, e.g., Lin v. Franciscan Alliance, Inc*., No. 4:21-cv-57-PPS-JEM, 2023 WL 8110110, at *3 (N.D. Ind. Nov. 17, 2023) ("The health care provider who is the subject of the peer review proceeding is entitled to access to the peer review information."); *Bonzani v. Goshen Health Sys*., No. 3:19-cv-586-DRL-MGG, 2022 WL 2438048, at *3 (N.D. Ind. July 5, 2022) ("[T]he statutory exception to the peer review privilege for health care providers under investigation precludes disclosure of peer review records to anyone other than the health care provider at issue in a particular peer review but does not limit when a provider can access his own records.  Accordingly, Dr. Bonzani is entitled to the information generated as part of his Peer Review investigation.").[2]

---

[2] Savage also cites *Babchuk v. Indiana Univ. Health, Inc*., No. 1:13-cv-1376-JMS-DML, 2014 WL 7212887, at *5 (S.D. Ind. Dec. 17, 2014), as an example from this district where IU Health produced complete peer review files in discovery.  In *Babchuk*, the plaintiff moved to compel additional documents, and the Court summarized the documents he had already received, including "[t]he documents surrounding the termination of Dr. Babchuk's clinical privileges and

IU Health acknowledges that the district court in *Bonzani* interpreted the statutory language "at any time" to permit access even after an investigation concludes. But IU Health asks the Court to reject this interpretation and instead adopt a novel interpretation of the IPRA to deny Savage access to his own peer review records. The Court declines this invitation. *Bonzani* carefully analyzed the statutory language, noting that "[c]anons of statutory construction require that all words and phrases in a statute be interpreted to give them full effect." *Id.* The defendants' proposed interpretation in *Bonzani*—like IU Health's interpretation now—limited the temporal window for providers to access their own peer review records in a way that imports meaning not found in the statute. *Id.*

The IPRA specifically provides for access to the peer review records in the context for which Savage now seeks those documents. Savage's claims arise directly from IU Health's alleged peer review proceedings of Savage's practice. To show IU Health took unjustifiable actions intended to damage Savage—as required to succeed on Savage's tortious interference claims—Savage needs access to the peer review communications, documents, and other materials that allegedly led IU Health to take those actions detrimental to Savage.

IU Health also relies in part on *Rouben v. Parkview Hospital*, No. 1:10-cv-397, 2013 WL 2470252 (N.D. Ind. June 6, 2013), for the proposition that Indiana law protects credentialing communications. However, IU Health later filed a notice of errata admitting that it erroneously cited and quoted portions of *Rouben* that reflected the defendants' argument, not that court's independent holding. [Filing No. 31, at ECF p. 1-2.] In *Rouben*, the court held that the defendants were entitled to immunity under the IPRA. *Id.* at 6. The *Rouben* court did not

_____

the complete peer review file." *Id.* However, IU Health persuasively points out that its voluntary production in *Babchuk* does not control here, as *Babchuk* involved a federal question action asserting federal constitutional claims, so federal privilege principles governed, not the IPRA.

5

analyze the IPRA privilege or hold that information withheld based on the privilege could not be disclosed in discovery.  As pointed out by Savage, a close reading of the case shows that such privileged conversations may have in fact been disclosed in that case.  *See id.* at 7 (describing "recorded phone conversation containing [the defendant's] comments" to third party hospital).

The health care provider exception to the IPRA resolves Savage's motion to compel.  IU Health must disclose to Savage all responsive documents withheld under the IPRA in connection to a peer review investigation of Savage.  However, the Court briefly addresses an additional exception in the IPRA that Savage invokes, which provides an additional basis for disclosure of many of the responsive documents at issue: the original source exception.  This provision of the statute provides that "information that is otherwise discoverable or admissible from original sources is not immune from discovery or use in any proceeding merely because it was presented during proceedings before a peer review committee." § 34-30-15-3(a).  Savage argues that materials presented to the peer review committee that are otherwise discoverable are not entitled to the peer review privilege simply because IU Health presented them to a peer review committee.  Thus, Savage takes issue with any documents IU Health included on its privilege log and refused to produce that fit this exception.

IU Health argues that the original source exception of the IPRA preserves access to preexisting facts from their original sources but does not provide access to the peer review file or otherwise strip protection from committee-generated materials.  In addition, IU Health claims that the statute "directs Plaintiff to pursue those original sources—not to extract the committee's annotated copies along with any embedded deliberative commentary." [Filing No. 29, at ECF p. 15.]  Thus, IU Health argues the Court should require Savage to pursue alternative avenues of production, through non-party sources, before compelling production from a privileged file.  In

doing so, IU Health once again asks the Court to reach a novel interpretation of the IPRA; this time, it adds additional language that is not present in this section of the statute. The statute contains no language that "directs" Savage to pursue original sources before seeking that information from IU Health. Rather, the statute merely reiterates the general principle that a party cannot shield evidence with privilege that could otherwise be accessed in non-privileged ways. *See Lin*, 2023 WL 8110110, at *3 ("[T]he privilege created by the IPRA is not absolute even for state law claims. Information which is otherwise discoverable or admissible from original sources is not protected from disclosure." (Internal quotation marks omitted)). If IU Health has responsive, non-privileged materials in its possession, custody, or control—regardless of that information's "original source"—the federal rules require IU Health to produce those materials in response to discovery requests. Fed. R. Civ. P. 26(b)(1).[3]

Finally, Savage criticizes IU Health's privilege log for failing to differentiate between materials "presented to" the peer review committee and materials "generated by" it. IU Health argues that this distinction is a legal conclusion, not a required element of a privilege log. IU Health contends that its log appropriately identifies each document by type, date, author, recipient, and the statutory basis for withholding. [Filing No. 29, at ECF p. 7.] To the extent that IU Health withheld documents merely because they were presented to a peer review committee, but which are otherwise discoverable from the original source, as noted above, those documents must be disclosed. In addition, to the extent IU Health withheld documents accumulated by the committee that pertain to Savage's personal practice, Savage is entitled to those records. IU

---

[3] Moreover, even if the statute did direct Savage to pursue original sources of information before seeking that information from IU Health, Savage seeks peer review materials that originated with IU Health. Thus, IU Health is the party from which Savage should seek that information.

Health has not identified any basis to find Savage's requests for his peer review records improper. Thus, these materials must be disclosed.

## IV.    Conclusion

For all these reasons, Savage's motion to compel is granted. [Filing No. 27.] Within 21 days IU Health shall produce to Savage all documents, communications, and information it has withheld based on the peer review privilege under the IPRA. The parties may confer on a proposed protective order to protect any remaining privacy interests related to the documents to be produced.

Date: 4/27/2026

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email