UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSE J. SAVAGE M.D., PH.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01285-TWP-TAB |
| | ) | |
| INDIANA UNIVERSITY HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**

**I. Introduction**

Plaintiff Dr. Jesse J. Savage seeks to compel Defendant Indiana University Health, Inc. to produce unredacted versions of emails IU Health redacted under claims of attorney-client privilege. IU Health asserts that the attorney-client privilege protects emails that IU Health employees—who are not lawyers—sent to one another. However, no lawyer was included in the email conversations, which took place before the employees had sought legal advice on the matter being discussed. Because IU Health has failed to prove its claim of attorney-client privilege, Savage's motion to compel [Filing No. 45] is granted.

**II. Background**

On May 18, 2026, IU Health produced to Savage documents it previously withheld after this Court rejected its claims of peer review privilege. [Filing No. 36.] IU Health still withheld or redacted some communications based on claims of confidentiality and attorney-client privilege. On May 22, 2026, Savage's counsel sent a letter to IU Health contesting redactions that Savage believed were unsupported by a valid claim of privilege and requested a privilege

log from IU Health identifying the bases for the redactions. On May 26, 2026, IU Health produced the requested privilege log. The parties conferred further but reached an impasse on the issue of the applicability of the attorney-client privilege to specific documents produced only in redacted form. On August 4, 2026, the Court held a status conference, heard arguments on this issue, and authorized Savage to file a motion to compel. [Filing No. 45.] The parties submitted briefs, including unredacted copies [Filing No. 49][1] of the emails in question for the Court to review.

**III. Discussion**

Savage asks the Court to enter an order compelling IU Health to produce documents, communications, and information it has withheld on the following two bases:

1. "Internal employee-to-employee email communications made in preparation for, and for the purpose of, seeking legal advice from [IU Health] in-house counsel (Cynthia Ackelmire), who was subsequently consulted and looped into the subject matter discussed therein."

2. "Internal employee-to-employee email communication directing consultation with [IU Health] in-house counsel (Allie Emhardt)."

Thus, the issue before the Court is whether attorney-client privilege applies to the documents that IU Health redacted.

The parties agree Indiana privilege law governs IU Health's attorney-client privilege assertions. *See* Fed. R. Evid 501; *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987). In Indiana, "[e]videntiary privileges are construed narrowly because they impede the quest for truth." *Zurich Am. Ins. Co. v. Circle Ctr. Mall, LLC*, 113 N.E.3d 1220, 1227 (Ind. Ct.

---

[1] During the August 4 conference, the Court instructed IU Health to include unredacted copies of the emails in question as exhibits to its response for *in camera review*. IU Health did so and filed a motion to maintain the unredacted copies of the emails in question under seal. [Filing No. 48.] That motion is granted. The Clerk is directed to maintain Filing No. 49 under seal with Court access only.

App. 2018) (citation omitted). The attorney client privilege must be established by the party asserting it. *See, e.g., Hayworth v. Shilli Leasing, Inc*., 669 N.E.2d 165, 169 (Ind. 1996) ("The party seeking to assert a privilege has the burden to allege and prove the applicability of the privilege as to each question asked or document sought." (Internal citation and quotation marks omitted)). Thus, the burden of proof falls on IU Health.

"To invoke attorney-client privilege, the invoking party must establish by a preponderance of the evidence (i) the existence of an attorney-client relationship and (ii) that a confidential communication was involved." *TP Orthodontics, Inc. v. Kesling*, 15 N.E.3d 985, 995-96 (Ind. 2014) (internal citations and internal quotation marks omitted). Indiana courts limit the scope of the attorney-client privilege to communications between an attorney and their client, either directly or through the attorney's or client's agents or representatives. *See Richey v. Chappell*, 594 N.E.2d 443, 445-46 (Ind. 1992).

IU Health has not satisfied its burden. The documents at issue were not prepared by or for a lawyer. IU Health produced unredacted copies of two email chains for the Court to review, from May 7, 2024, and July 18, 2024. The May 7 emails begin with an IU Health physician, Dr. David Stockwell, seeking advice from IU Health Director of Medical Staff Services Jan Buland and Dr. Michele Saysana[2]. Similarly, the July 18 emails begin with an IU Health physician, Dr. Mitesh Shah, seeking advice from Buland and Dr. Saysana. While Dr. Stockwell and Dr. Shah's emails were eventually forwarded to IU Health's in-house counsel, the initial emails preceded communications with in-house counsel. Thus, these non-lawyer communications do not constitute attorney-client communications.

[2] IU Health identifies Dr. Saysana as an IU Health "leader" but does not otherwise provide this individual's job title or description.

The attorney-client privilege attaches to communications from an attorney to a client "only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 2008) (quoting *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990)). The fact that the communications were subsequently "channeled" to IU Health's in-house counsel does not suddenly convert the conversations into privileged communications.

IU Health argues that various decisions from other courts or districts support its position, but these decisions are distinguishable. For instance, IU Health cites *Mayberry v. State*, 670 N.E.2d 1262 (Ind. 1996). In *Mayberry*, an individual approached a friend at the law firm where the friend worked as a paralegal/office manager and asked her to consult an attorney for legal advice. *Id*. at 1265. The Indiana Supreme Court concluded that these facts could be read to establish that "the communications at issue occurred in the course of an effort to obtain legal advice or aid from a professional legal advisor in his capacity as such." *Id*. at 1266. Thus, the Indiana Supreme Court noted in *Mayberry* that, to meet the requisite burden of showing an attorney client relationship existed, "the State had to, at the very least, establish that the communication at issue occurred in the course of an effort to obtain legal advice or aid, on the subject of the client's rights or liabilities, from a professional legal advisor acting in his or her capacity as such." *Id*.

IU Health likens its employees to the paralegal in *Mayberry*, because they had "likewise already been working with [IU Health's] attorneys on issues" related to Savage. [Filing No. 47, at ECF p. 4.] However, *Mayberry* does not apply here because the emails were not an attempt to procure professional legal aid. IU Health does not assert that Dr. Stockwell or Dr. Shah contacted Buland or Dr. Saysana as proxies for IU Health's legal counsel. Rather, as counsel for

IU Health confirmed at the August 4 status conference, the IU Health employees whose emails are at issue communicated among one another, instead of contacting their legal department. The attorney-client privilege does not attach to non-lawyer employee to employee conversations merely because it is reasonable for them to seek legal advice at some point in the future. It attaches when those employees in fact seek legal advice from a lawyer.

IU Health also relies on *Crabtree v. Experian Info. Solutions, Inc*., No. 1:16-cv-10706, 2017 WL 4740662 (N.D. Ill. Oct. 20, 2017). However, *Crabtree* is a nonbinding opinion from a different district court that applied federal common law privilege principles, not Indiana privilege law. *See id*. at *1, n.1. Moreover, in *Crabtree*, the communications at issue related to an "internal investigation" the defendant conducted "at the request of in-house counsel[.]" *Id*. at *1. IU Health does not indicate that its in-house counsel launched an investigation or directed non-lawyer IU Health employees to gather and provide facts. IU Health argues that the context is critical, and its privilege log identifies communications between Savage's counsel and IU Health attorneys as early as April 3, 2024—before the emails in question occurred. However, even if in-house counsel was aware that Savage had counsel at the time the non-lawyer IU Health employees engaged in the communications in question, there is still no indication that the employees who initiated the email chains in question were gathering information on behalf of counsel. The employees knew how to seek legal advice and had done so previously by communicating directly with IU health in-house lawyers. Here, however, they did not. Instead, they communicated among themselves about topics for which no employee had yet sought legal advice. Thus, *Crabtree* does not help IU Health.

Ultimately, the Court agrees with Savage that IU Heath "asks this Court to engage in an impossible line drawing exercise, determining in each case whether communications that occur

before a non-lawyer employee seeks, or an in-house counsel provides, legal advice are close enough to properly privileged communications to enjoy protection, too." [Filing No. 50 at ECF p. 3.] The Court declines the invitation. None of the communications before IU Health's in-house counsel got looped in qualify for attorney-client privilege protection.

**IV. Conclusion**

For all these reasons, Savage's motion to compel [Filing No. 45] is granted. IU Health must produce unredacted copies of the email communications between non-attorney employees that it has withheld based on assertions of attorney-client privilege to Savage within 14 days of this order.

IU Health's motion to maintain documents under seal [Filing No. 48] is granted. The Clerk is directed to maintain Filing No. 49 under seal.

Date: 8/20/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email