UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSE J. SAVAGE M.D., PH.D., Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-01285-TWP-TAB |
| INDIANA UNIVERSITY HEALTH, INC., Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

## I. Introduction

Before the Court is Plaintiff Jesse J. Savage's motion for attorney fees. [Filing No. 52.] Savage seeks an order requiring Defendant Indiana University Health, Inc. to pay $26,193.50 in attorney fees incurred in securing documents from IU Health responsive to Savage's discovery requests. IU Health withheld the documents at the center of this dispute based on attorney client privilege. In granting Savage's second motion to compel, the Court found the privilege did not apply to the non-lawyer communications at issue. IU Health's position was not substantially justified, but Savage's request for $26,193.50 is unreasonable. For the reasons set forth below, the Court awards Savage the reduced amount of $10,477.40.

## II. Background

Savage initiated this lawsuit against his former employer, IU Health, in May 2025. [Filing No. 1-1.] In April 2026, the Court granted Savage's first motion to compel, finding IU Health improperly withheld documents based on Indiana's Peer Review Act, Ind. Code § 34-30-15-1. [Filing No. 36.] In May 2026, IU Health produced documents previously withheld for peer review privilege. However, IU Health still withheld or redacted various email

communications based on claims of confidentiality and attorney-client privilege. The Court held a telephonic status conference on August 4, 2026, to address IU Health's assertion of the attorney-client privilege. The Court expressed reservations about whether the privilege applied, authorized Savage to file a motion to compel, and agreed to conduct an *in camera* review of unredacted copies of the documents at issue. [Filing No. 43.] Thus, on August 7, 2026, Savage filed his second motion to compel. [Filing No. 45.]

Following completion of the briefing on the motion to compel, the Court reviewed the documents at issue and found that none of the communications at issue involved attorneys. Rather, the communications took place before the employees had sought legal advice on the matter being discussed. Thus, on August 20, 2026, the Court concluded IU Health had failed to prove its claim of attorney-client privilege and granted Savage's motion to compel production of unredacted copies of the conversations. [Filing No. 51.] Now, Savage seeks to have the Court order IU Health to pay his counsel $26,193.50 in attorney fees. [Filing No. 52.]

## III. Discussion

Federal Rule of Civil Procedure 37(a)(5) requires a court to award attorney fees for a successful motion to compel unless the movant failed to make good faith efforts to obtain the discovery without court intervention, the opposing party's discovery deficiencies were substantially justified, or other circumstances make an award of expenses unjust. In opposing Savage's motion for fees, IU Health does not dispute that Savage attempted in good faith to obtain discovery without Court intervention. Rather, IU Health argues that its position was substantially justified and it would be unjust to order IU Health to pay Savage's fees; particularly, the extraordinary fees that Savage's counsel itemizes in the motion. [Filing No. 57, at ECF p. 1.]

The Court disagrees with IU Health's claim that its position was substantially justified. As noted above, before seeing the documents in question and solely based on the facts provided and arguments raised at the August 4, 2026, conference, the Court expressed reservations about whether the attorney-client privilege applied. Rather than heeding that warning, IU Health insisted that the documents withheld were attorney-client privileged communications—even though no attorney was involved in any of the communications. IU Health claims the issue presented in Savage's motion to compel had not been thoroughly litigated in this district, so it sought analogous case law from other courts and districts that it believed supported its position. Yet IU Health failed to cite a single case, from Indiana or elsewhere, that supported its position that the attorney-client privilege applied to facts mirroring the circumstances present here.

Moreover, awarding Savage his attorney fees pursuant to Rule 37(a)(5)(A) is not unjust. IU Health notes that it corresponded with Savage's counsel about these issues in good faith and complied with its meet and confer obligations. However, both Savage and IU Health were required—as all litigants are who practice in federal court—to meet and confer in good faith before raising their discovery dispute with the Court. *See* Fed. R. Civ. P. 37(a)(1); S.D. Ind. L.R. 37-1(a). IU Health cannot avoid the payment of expenses set forth in Rule 37(a)(5)(A) by simply complying with the meet and confer requirement. IU Health maintained a position that was not substantially justified and has presented no other valid circumstances that would make an award of expenses unjust. Thus, Rule 37(a)(5)(A) requires IU Health—as the party whose conduct necessitated the filing of the motion to compel—to pay Savage's reasonable expenses incurred in making the motion.

Nevertheless, while a request for fees is appropriate, the amount Savage requested is not. The Court, in its discretion, finds Savage's request for $26,193.50 in attorney fees to be out of proportion to the discovery dispute. As this Court has previously explained:

> The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. There is no one correct formula for determining a fee award. Courts may determine what fees are reasonable based on a contextual and fact-specific assessment. Trial judges have broad discretion to adjust bloated bills for attorney's fees after the fact.

*Barber v. Coia*, No. 1:25-cv-394-RLY-TAB, 2026 WL 1317955, at *2 (May 13, 2026) (internal citations, quotation marks, and brackets omitted). Although IU Health does not contest Savage's hourly rate, IU Health persuasively argues that the fees Savage requests are excessive considering the limited scope of the issues, brevity of the briefing, and repetitive nature of the arguments. The Court limited the parties to five-page briefs, and Plaintiff's reply [Filing No. 50] was a mere three pages. Thus, a large reduction of the full fee award—by 60% of the requested fees—is appropriate so that the fee award is reasonable and not disproportionate to the situation at hand.

Although the Court has concluded that IU Health's position was not substantially justified, in determining a fair and appropriate fee award, context matters. Privilege issues can be tricky and often difficult to resolve informally. The Court required an *in camera* review to resolve the issue, ultimately concluding IU Health did not meet its burden to show that the privilege applies. IU Health has produced over 1,700 pages of documents in discovery over the course of this litigation. Savage's motion to compel sought the unredacted disclosure of less than 15 discrete emails that were repeated throughout the production and previously produced with redactions. Ultimately, Savage received the unredacted versions of these emails well before the

close of discovery, and before any depositions were scheduled or took place. Thus, Savage was not prejudiced by this dispute beyond the time and effort required to pursue the documents.

So, while Savage is entitled to his attorney fees, an award of $26,193.50 for a routine attorney-client privilege dispute would be unjust. Accordingly, the Court awards fees but reduces them by 60%, to $10,477.40. This fee award is fair and reasonable under the circumstances.

**IV. Conclusion**

Accordingly, the Court grants in part Savage's motion [Filing No. 52] and awards Savage attorney fees in the amount of $10,477.40, to be paid within 60 days of this order. To the extent that Savage requested fees exceeding that amount, his motion is denied.

Date: 10/19/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email